<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

|                          |   |                                        |
|--------------------------|---|----------------------------------------|
| JEROME STURDIVANT,       | : |                                        |
|                          | : | Civil Action No. 08-6279 (WJM)         |
|            Plaintiff,    | : |                                        |
|                          | : |                                        |
|        v.                | : |        **O P I N I O N**               |
|                          | : |                                        |
| JERRY SPEZIALE, et al.,  | : |                                        |
|                          | : |                                        |
|            Defendants.   | : |                                        |

---

**APPEARANCES:**

Jerome Sturdivant, <u>Pro Se</u>
27888
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**MARTINI**, District Judge

Plaintiff, Jerome Sturdivant, currently confined at the Passaic County Jail in Paterson, New Jersey, has submitted this civil complaint which alleges violations of his constitutional rights, and seeks damages pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed <u>in forma pauperis</u>. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff, Jerome Sturdivant, seeks to bring this action against sheriff Jerry Speziale, warden Charles Meyers, and "jail officials." He alleges that his medical needs have not been properly addressed, the Passaic County Jail is overcrowded, and conditions of confinement are unconstitutional.

Specifically, Plaintiff states that at some point, he was seen by a nurse who referred to an infection he had as a "boil." She treated the boil, causing Plaintiff pain, and sent him back to the housing area. After a second visit to a nurse practitioner, Plaintiff was diagnosed with a staph infection, and told that there was a terrible outbreak of MRSA/staph infection in the jail. Plaintiff alleges that the jail did not properly segregate or quarantine inmates with MRSA.

Plaintiff also states that a legal visit from his attorney was cancelled. The attorney was told that Plaintiff was being quarantined. Plaintiff states that he was not being quarantined at the time and that jail officials lied. Plaintiff alleges that the denial of this visit with his attorney was unconstitutional under the Sixth Amendment, and that the jail officials misstating where Plaintiff was located at the time he was denied legal representation, scares him.

Plaintiff also notes that the jail is overcrowded, bug-infested, and that there are inadequate cleaning supplies.

2

Liberally construing the complaint, Plaintiff seeks monetary relief, and asks the Court to order that conditions be improved.

## DISCUSSION

### A.    Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the

3

plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See</u> <u>id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

4

**B.**   **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff

must demonstrate that the challenged conduct was committed by (1)

a person acting under color of state law and (2) that the conduct

deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  See Parratt v. Taylor,

451 U.S. 527, 535 (1981), overruled in part on other grounds by

Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress &

Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d

1250, 1255-56 (3d Cir. 1994).

**C.**   **Medical Care Claim**

Plaintiff claims that he was misdiagnosed by prison staff

concerning his MRSA infection.

It is not clear from the complaint whether the plaintiff is a

pretrial detainee or a convicted but unsentenced inmate, or a

convicted and sentenced inmate.  Pretrial detainees are protected

by the Due Process Clause of the Fourteenth Amendment and convicted prisoners are protected by the Eighth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979).  However, the Court of Appeals for the Third Circuit has analyzed pretrial detainees medical care claims utilizing the Eighth Amendment standard.  See Hubbard v. Taylor, 399 F.3d 150, 166 n.22 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003); Sylvester v. City of Newark, 120 Fed. Appx. 419 (3d Cir. 2005).

The Eighth Amendment proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are

6

'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third
Circuit has defined a serious medical need as: (1) "one that has
been diagnosed by a physician as requiring treatment;" (2) "one
that is so obvious that a lay person would recognize the necessity
for a doctor's attention;" or (3) one for which "the denial of
treatment would result in the unnecessary and wanton infliction of
pain" or "a life-long handicap or permanent loss."  Atkinson v.
Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations
and citations omitted); see also Monmouth County Correctional
Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.
1987), cert. denied, 486 U.S. 1006 (1988).

     The second element of the Estelle test requires an inmate to
show that prison officials acted with deliberate indifference to
his serious medical need.  See Natale, 318 F.3d at 582 (finding
deliberate indifference requires proof that the official knew of
and disregarded an excessive risk to inmate health or safety).
"Deliberate indifference" is more than mere malpractice or
negligence; it is a state of mind equivalent to reckless disregard
of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825,
837-38 (1994).  Furthermore, a prisoner's subjective
dissatisfaction with his medical care does not in itself indicate
deliberate indifference.  See Andrews v. Camden County, 95 F.
Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp.
137, 145 (D. Md. 1982), aff'd , 729 F.2d 1453 (4th Cir. 1984).

Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

     The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.

     In this case, Plaintiff has not alleged facts indicating deliberate indifference on the part of the defendants.  Plaintiff notes that he was examined and treated for the "boil."  While he may have been misdiagnosed, and treatment may not have been to his liking, at most, Plaintiff has alleged facts indicating medical malpractice, which does not violate the Eighth Amendment.

8

Therefore, this claim will be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.  However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and submitting an amended complaint, in accordance with the attached order, that addresses the deficiencies as outlined above.

**D.    Conditions of Confinement Claims**

Plaintiff argues that the jail did not properly quarantine inmates, causing Plaintiff to contract MRSA.  He also alleges that the jail is unsanitary, and there are not proper cleaning supplies.

Plaintiff's claims challenge the conditions of his confinement.[1]  The Eighth Amendment to the United States Constitution, applicable to the individual states through the

---

[1] Again, it is unclear whether Plaintiff is a pretrial detainee or not.  However, as recently explained by the Third Circuit in <u>Dahlan v. Dep't of Homeland Sec.</u>, 215 Fed. Appx. 97, 100 (3d Cir. 1007):

> In the pretrial detainee setting, a claim asserting unconstitutional conditions of confinement is reviewed pursuant to the Due Process Clause.  The test is whether the challenged conditions amount to punishment under the Due Process Clause.  Absent a showing of express intent to punish, the determination will normally turn on whether the conditions have an alternative purpose and whether the conditions appear excessive in relation to that purpose.  The inquiry into whether given prison conditions constitute punishment under the Due Process Clause considers the totality of the circumstances within a given institution.

(citing <u>Hubbard v. Taylor</u>, 399 F.3d 150, 158 (3d Cir. 2005)).

Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  The Eighth Amendment proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  It is well-settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety.  See Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons."  Rhodes, 452 U.S. at 349.  To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that

10

criminal offenders pay for their offenses against society.  See id. at 347.

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.  An inmate may fulfill the subjective element of such a claim by alleging facts indicating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety."  Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

In this case, Plaintiff has alleged that the jail did not take proper precautions to quarantine individuals after an outbreak of MRSA staph infections, which resulted in Plaintiff's contracting the condition.  Furthermore, liberally construing the complaint, Plaintiff asserts facts indicating that the unsanitary conditions and lack of cleaning supplies contributed to him contracting the condition.

Thus, Plaintiff's conditions of confinement claim may proceed past sua sponte screening.  The defendants will be ordered to answer this claim.

**E.  Access to Counsel Claim**

Plaintiff asserts that his Sixth Amendment right to counsel was violated when his attorney was denied visitation with him due

to jail officials improperly informing the attorney that the plaintiff was quarantined.[2]

It is well-established that every prisoner is guaranteed "meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 823 (1977).  To the extent not inconsistent with their status as prisoners or with legitimate penological objectives, inmates have a First Amendment right to communicate with "friends, relatives, attorneys, and public officials by means of visits, correspondence, and telephone calls." Owens-El v. Robinson, 442 F. Supp. 1368, 1386 (W.D. Pa.) (citation omitted), supplemented and finalized, 457 F. Supp. 984 (W.D. Pa.1978), aff'd in part and vacated in part on other grounds sub nom., Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979).

However, there is no substantive due process right to "unfettered visitation." Kentucky Dept. of Corrections v.

_____

[2] The Court liberally construes the complaint to assert a First Amendment access to courts, or right to visitation claim. If Plaintiff is a pre-trial detainee facing criminal charges, he has a Sixth Amendment right to representation by counsel. However, in this case, Plaintiff does not assert that he was denied counsel or representation in a criminal case.  Rather, his claim is that he was denied a visit with his counsel.

Regardless, Plaintiff cannot proceed at this time with a Sixth Amendment claim.  Any such § 1983 claim under the Sixth Amendment would not accrue until Plaintiff's conviction is invalidated, see Heck v. Humphrey, 512 U.S. 477 (1994); Aranda v. Department of Social and Health Services, 73 Fed. Appx.204, 2003 WL 21750789 (9th Cir. 2003) (unpubl.); Hazel v. Reno, 20 F. Supp.2d 21 (D.D.C. 1998).

Thompson, 490 U.S. 454, 460 (1989).  As explained by the United States Supreme Court:

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

Overton v. Bazzetta, 539 U.S. 126, (2003) (citations omitted).

In this case, Plaintiff describes one occasion, during a medical event at the jail (MRSA outbreak), that his attorney was refused a visit, after the attorney was misinformed that Plaintiff had been quarantined.  Plaintiff has not alleged facts indicating that he was disadvantaged in litigation due to this one-time event.  Based on the foregoing, this Court finds that Plaintiff has not alleged facts indicating that the one-time event concerning his attorney visit rose to the level of a constitutional violation.

Therefore, this claim will be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.  However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and submitting an amended complaint, in accordance with the attached order, that addresses the deficiencies as outlined above.

13

## CONCLUSION

For the reasons set forth above, Plaintiff's medical care claim and access to courts claim will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff's conditions of confinement claim will be permitted to proceed.

An appropriate order accompanies this opinion.


s/William J. Martini
_____
WILLIAM J. MARTINI
United States District Judge

Dated: January 11, 2010

14